ABRAMSON & DENENBERG, P.C.
BY: ALAN E. DENENBERG, ESQUIRE
IDENTIFICATION NUMBER: 54161
1315 WALNUT STREET, 12TH FLOOR
PHILADELPHIA, PA 19107
(215) 546-1345

ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAJUAN WINFIELD<br>5824 N. WOODSTOCK ST.<br>PHILADELPHIA, PA 19138<br><br>PLAINTIFF<br><br>V.<br><br>CITY OF PHILADELPHIA<br>1515 ARCH STREET, 14TH FLOOR<br>PHILADELPHIA, PA 19102<br>AND<br>POLICE OFFICER JOHN McGINLEY<br>BADGE NO. 7086<br>1515 ARCH STREET, 14TH FLOOR<br>PHILADELPHIA, PA 19102<br>AND<br>POLICE OFFICER<br>ANTHONY COMITALO<br>BADGE NO. 7295<br>1515 ARCH STREET, 14TH FLOOR<br>PHILADELPHIA, PA 19102<br>AND<br>POLICE OFFICERS JOHN DOE #1-#6<br>1515 ARCH STREET, 14TH FLOOR<br>PHILADELPHIA, PA 19102<br>AND<br>POLICE OFFICER JANE DOE #1<br>1515 ARCH STREET, 14TH FLOOR<br>PHILADELPHIA, PA 19102<br><br>DEFENDANTS | : | JURY TRIAL DEMANDED<br><br>CIVIL ACTION<br>NO. |

# COMPLAINT

1. Plaintiff, Lajuan Winfield, is an adult citizen and resident of the Commonwealth of Pennsylvania residing as captioned.

2. Defendant, City of Philadelphia, is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains its principal offices as captioned.

3. Defendant, Police Officer John McGinley, was at all material times an officer with the Philadelphia Police Department acting within the course and scope of his employment, under the color of state law. Police Officer John McGinley is being sued both individually and in his official capacity as an officer, agent and/or employee of the City of Philadelphia.

4. Defendant, Police Officer Anthony Comitalo, was at all material times an officer with the Philadelphia Police Department acting within the course and scope of his employment, under the color of state law. Police Officer Anthony Comitalo is being sued both individually and in his official capacity as an officer, agent and/or employee of the City of Philadelphia.

5. Defendants, Police Officers John Doe #1-#6, were at all material times police officers with the Philadelphia Police Department acting within the course and scope of their employment, under the color of state law. Police Officers John Doe #1-#6 are being sued both individually and in their official capacity as officers, agents and/or employees of the City of Philadelphia.

6. Defendant, Police Officer Jane Doe #1, was at all material times a police officer with the Philadelphia Police Department acting within the course and scope of her

employment, under the color of state law. Police Officer Jane Does #1 is being sued both individually and in her official capacity as an officer, agent and/or employee of the City of Philadelphia.

7. At all material times, defendant, City of Philadelphia, was charged with the responsibility of testing, hiring, training and/or supervising members of the Philadelphia Police Department including in particular, defendants, Police Officers John McGinley, Anthony Comitalo, John Does #1-#6 and Jane Doe #1.

8. This court has jurisdiction over the Federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343.

9. Venue is proper under 28 U.S.C. § 1391(b) because the causes of action upon which the complaint is based arose in Philadelphia County, Pennsylvania, which is in the Eastern District of Pennsylvania.

10. On January 22, 2007, Plaintiff, Lajuan Winfield, was driving a friends car in the area of 11th and Louden Streets in the City of Philadelphia.

11. On the aforementioned date and place, Plaintiff parked his car along the street and got out to go to the store.

12. As Plaintiff was exiting the car, a police car driven by defendant, Police Officer John McGinley and/or Anthony Comitalo and/or John Does #1-#6 and/or Jane Doe #1 pulled behind the car Plaintiff was driving and one of the aforementioned officers got out and asked Plaintiff for his registration.

13. Plaintiff began to get the registration out of the glove compartment of the car when defendant, Officer John McGinley and/or Anthony Comitalo and/or John Does #1-

#6 and/or Jane Doe #1, grabbed Plaintiff, pulled him out of the car, and started assaulting him.

14. Fearing for his safety, Plaintiff ran, and was apprehended shortly thereafter a number of blocks from the scene of the car stop.

15. Plaintiff did not resist the arrest when confronted by defendants, Police Officers John McGinley and/or Anthony Comitalo and/or John Does #1-#6 and/or Jane Doe #1.

16. Despite the fact that Plaintiff did not resist arrest, without provocation, legal justification or cause, defendants, John McGinley and/or Anthony Comitalo and/or John Does #1-#6 and/or Jane Doe #1, began to severely beat and kick the Plaintiff about the face, head and body.

17. As a result of the severe beating, Plaintiff fell to the ground, where defendants, Police Officers John McGinley and/or Anthony Comitalo and/or John Does #1-#6 and/or Jane Doe #1, continued to stomp on the Plaintiff's head and face, causing the Plaintiff to lose consciousness.

18. The severe beating of the Plaintiff by defendants, Police Officers John McGinley and/or Anthony Comitalo and/or John Does #1-#6 and/or Jane Doe #1, was unprovoked and unjustified and constituted an unreasonable use of force in violation of the Plaintiff's rights under the Fourth Amendment of the United States Constitution.

19. As the direct and proximate cause of the severe, unconstitutional beating the Plaintiff received at the hands of defendants, Police Officers John McGinley and/or Anthony Comitalo and/or John Does #1-#6 and/or Jane Doe #1, jointly and/or severally, Plaintiff, Lajuan Winfield, suffered a closed fracture of the orbital floor (blow-out) under

his left eye that required surgery and the insertion of a plate, and a closed fracture of a vertebra, which has left the Plaintiff permanently disfigured and with limited vision in his left eye and permanent neck/back pain.

20. As the direct and proximate cause of the severe, unconstitutional beating the Plaintiff received at the hands of defendants, Police Officers John McGinley and/or Anthony Comitalo and/or John Does #1-#6 and/or Jane Doe #1, jointly and/or severally, Plaintiff, Lajuan Winfield, suffered multiple bruises and contusions that required medical attention and now suffers from chronic, debilitating headaches.

21. As the direct and proximate cause of the severe, unconstitutional beating the Plaintiff received at the hands of defendants, Police Officers John McGinley and/or Anthony Comitalo and/or John Does #1-#6 and/or Jane Doe #1, jointly and/or severally, as more fully set forth in the preceding paragraphs of this Complaint, Plaintiff, Lajuan Winfield, has been and will be obligated to receive and undergo medical attention and care and incurred medical expenses and will continue to incur additional expenses for an indefinite period of time in the future, all to his great detriment and loss.

22. As the direct and proximate cause of the severe, unconstitutional beating the Plaintiff received at the hands of defendants, Police Officers John McGinley and/or Anthony Comitalo and/or John Does #1-#6 and/or Jane Doe #1, jointly and/or severally, plaintiff, Lajuan Winfield, has suffered agonizing aches and severe physical pains, disability, and he will continue to suffer same for an indefinite time in the future, to his great detriment and loss.

23. As the direct and proximate cause of the severe, unconstitutional beating the Plaintiff received at the hands of defendants, Police Officers John McGinley and/or

Anthony Comitalo and/or John Does #1-#6 and/or Jane Doe #1, jointly and/or severally, Plaintiff, Lajuan Winfield, has suffered a loss of enjoyment of life, inconvenience, mental anguish and humiliation.

**COUNT I- 42 U.S.C. §1983**
**EXCESSIVE FORCE**
**PLAINTIFF v. OFFICERS McGINLEY, COMITALO,**
**JOHN DOES #1-#6 AND JANE DOE #1**

24. Paragraphs 1 through 23 are incorporated herein by reference, as though each were fully set forth herein at length.

25. As aforesaid, defendants, Police Officers John McGinley and/or Anthony Comitalo and/or John Does #1-#6 and/or Jane Doe #1, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of the Philadelphia Police department; deprived the Plaintiff of his rights, privileges and immunities under the Laws and Constitutions of the United States; in particular, the right to be free from excessive force; all of which actions violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

26. As aforesaid, defendants, Police Officers John McGinley and/or Anthony Comitalo and/or John Does #1-#6 and/or Jane Doe #1, acting within the scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of the defendant, City of Philadelphia, intentionally and illegally used force on the Plaintiff, and intentionally and maliciously threatened and humiliated, Plaintiff, and used their position of authority, illegally and improperly to punish and use excessive force on the

Plaintiff, by the above described actions, all of which violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

27. As aforesaid, defendants, Police Officers John McGinley and/or Anthony Comitalo and/or John Does #1-#6 and/or Jane Doe #1, acting within the scope of their employment, under the color of state law, and pursuant to the customs, policies and practices of the defendant, City of Philadelphia, intentionally and maliciously assaulted and battered, Plaintiff, Lajuan Winfield, and placed him in fear of imminent bodily harm without just cause or provocation by the above described actions, all of which violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

28. As a direct and proximate result of the malicious, intentional, and/or reckless actions of the defendants, Police Officers John McGinley and/or Anthony Comitalo and/or John Does #1-#6 and/or Jane Doe #1, the Plaintiff, Lajuan Winfield, suffered injuries that are described above.

29. The above-described actions of the defendants, Police Officers John McGinley and/or Anthony Comitalo and/or John Does #1-#6 and/or Jane Doe #1, in their individual capacity, were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiffs' rights, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory and punitive damages against defendants, Police Officers John McGinley and/or Anthony Comitalo and/or John Does #1-#6 and/or Jane Doe #1, jointly and/or severally, in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees, and other appropriate relief.

**COUNT II- 42 U.S.C. §1983**
**CONSPIRACY**
**PLAINTIFF v. OFFICERS McGINLEY, COMITALO,**
**JOHN DOES #1-#6 AND JANE DOE #1**

30. Paragraphs 1 through 29 are incorporated herein by reference, as though each were fully set forth herein at length.

31. As detailed above, defendants, Police Officers John McGinley and/or Anthony Comitalo and/or John Does #1-#6 and/or Jane Doe #1, entered into a conspiracy to harm the Plaintiff, Lajuan Winfield, and deprive him of his civil rights and privileges under the Constitution of United States.

32. As detailed above, the conspiracy directly and proximately resulted in harm to the Plaintiff, Lajuan Winfield, including the deprivation of his rights and privileges under the Constitution of the United States.

33. As detailed above, defendants, Police Officers John McGinley and/or Anthony Comitalo and/or John Does #1-#6 and/or Jane Doe #1, acting within the course and scope of their employment, under the color of state law and pursuant to the customs, policies and/or practices of defendant, City of Philadelphia, through the use of excessive force and unlawful seizure, intentionally, recklessly and/or maliciously assaulted and battered Plaintiff, Lajuan Winfield, who posed no imminent threat to defendants, deprived the Plaintiff of the rights, privileges and immunities afforded to citizens of the United States; all of which actions violated the plaintiff's rights under the Constitution of the United States, and all of which actions contributed to, assisted and implemented the conspiracy.

34. The plaintiff believes and therefore avers, that defendants, Police Officers John McGinley and/or Anthony Comitalo and/or John Does #1-#6 and/or Jane Doe #1, acting

within the course and scope of their employment, under the color of state law and pursuant to the customs, policies and/or practices of the defendant, City of Philadelphia, provided intentional, as well as unintentional, support to the conspiracy to deprive Plaintiff, Lujuan Winfield, of his rights afforded to him by the Constitution of the United States.

35. As a direct and proximate result of the malicious, intentional and reckless actions of the defendants, Police Officers John McGinley and/or Anthony Comitalo and/or John Does #1-#6 and/or Jane Doe #1, jointly and/or severally, the Plaintiff, Lujuan Winfield, suffered injuries that are described above.

36. The above described actions of the defendants, Police Officers John McGinley and/or Anthony Comitalo and/or John Does #1-#6 and/or Jane Doe #1, were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory and punitive damages against defendants, Police Officers John McGinley and/or Anthony Comitalo and/or John Does #1-#6 and/or Jane Doe #1, jointly and/or severally, in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney’s fees, and other appropriate relief.

## COUNT III- 42 U.S.C. §1983
## BYSTANDER LIABILITY
## PLAINTIFF v. OFFICERS McGINLEY, COMITALO, JOHN DOES #1-#6 AND JANE DOE #1

37. Paragraphs 1 through 36 are incorporated herein by reference, as though each were fully set forth herein at length.

38. Plaintiff, Lujuan Winfield, believes and therefore avers that defendants, Police Officers John McGinley and/or Anthony Comitalo and/or John Does #1-#6 and/or Jane Doe #1, encouraged and idly stood by while excessive force was used against the Plaintiff, which deprived the plaintiff of his constitutional rights and privileges under the Constitution of the United States.

39. Plaintiff, Lujuan Winfield, believes and therefore avers that defendants, Police Officers John McGinley and/or Anthony Comitalo and/or John Does #1-#6 and/or Jane Doe #1, had a duty to intervene and stop the unconstitutional use of force but instead encouraged and failed to prevent his or her fellow officers from using excessive force against the Plaintiff, and therefore deprived plaintiff of his rights under the Constitution of the United States.

40. As described above defendants, Police Officers John McGinley and/or Anthony Comitalo and/or John Does #1-#6 and/or Jane Doe #1, failed to fulfill their obligation to intervene when they had and independent and affirmative duty to prevent the use of excessive force upon the Plaintiff by their fellow officers and they had adequate time and opportunity to intervene and stop the unconstitutional use of force.

41. As detailed above, by encouraging and failing to intervene, defendants, Police Officers John McGinley and/or Anthony Comitalo and/or John Does #1-#6 and/or Jane Doe #1, effectively assisted their fellow officers in using excessive force against the Plaintiff, and therefore deprived him of his constitutional rights and privileges under the Constitution of the United States.

42. The above described actions of the defendants, Police Officers John McGinley and/or Anthony Comitalo and/or John Does #1-#6 and/or Jane Doe #1, in their individual

capacities were so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiff's rights and well being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory and punitive damages against defendants, Police Officers John McGinley and/or Anthony Comitalo and/or John Does #1-#6 and/or Jane Doe #1, jointly and/or severally, in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees, and other appropriate relief.

**COUNT IV – 42 U.S.C. § 1983**
**MONELL CLAIM /FAILURE TO TRAIN AND SUPERVISE**
**PLAINTIFF v. CITY OF PHILADELPHIA**

43. Paragraphs 1 through 42 are incorporated herein by reference, as though each were fully set forth herein at length.

44. The Plaintiff, Lajuan Winfield, believes and therefore avers, that the defendant, City of Philadelphia, has adopted and maintained for many years a recognized and accepted policy, custom and/or practice of condoning and/or the acquiescence of violating the constitutional rights of citizens, including, but not limited to, a policy, custom and/or practice of allowing officers to use excessive force during arrest, which policy, custom and/or practice is in violation of the United States Constitution and in violation of 42 U.S.C. § 1983.

45. The Plaintiff, Lajuan Winfield, believes and therefore avers that the defendant, City of Philadelphia, has adopted and maintained for many years, a recognized and accepted policy, custom and/or practice of systematically failing to properly train, supervise and/or discipline police officers, including the individual defendants, regarding

constitutional restraints on unlawful seizures and excessive use of force, which policy, custom and/or violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the laws of the United States and is in violation of 42 U.S.C. § 1983.

46. The defendant, City of Philadelphia, has been deliberately indifferent to the rights of citizens of the City of Philadelphia to be free from unlawful seizures and excessive force, which deliberate indifference violates the plaintiff's rights under the Fourth, and Fourteenth Amendments of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania and is in violation of 42 U.S.C. § 1983.

47. The Plaintiff, Lajuan Winfield, believes and therefore avers, that at the time of his incident, defendant, City of Philadelphia, knew or should have known of the above described policy, custom and/or practice of the City of Philadelphia Police Department, and that they deliberately, knowingly and/or intentionally failed to take measures to stop or limit the policy, custom and/or practice, including, inter alia, providing proper training, supervision, and/or control of its officers, agents, regarding the unlawful seizures and excessive use of force.

48. The Plaintiff believes and therefore avers that the defendant, City of Philadelphia Police Department, has a policy, custom and/or practice of failing to properly investigate matters in which police officers cause injury to citizens by subjecting the citizen to excessive force during an unlawful seizure, which allows for and results in an encouragement to officers within the police department to continue doing the same, and creates policies, practices, and/or procedures allowing police officers to proceed in this manner and creates an atmosphere for unlawful seizures and the improper use of

force by members of the City of Philadelphia Police Department without fear of punishment.

49. The defendant, City of Philadelphia has been aware of the aforesaid described policies, customs and/or practices for a substantial period of time and despite knowledge of the illegal policies, customs and/or practices as described above by the supervisory and policy making officers and officials, failed to take steps to terminate said practices; have not disciplined or otherwise properly supervised police officers, including the named defendants, who engaged in said practices; have not effectively trained police officers with regard to the proper constitutional and statutory limits in the exercise of their authority and instead sanctioned the policies and/or practices described to the deliberate indifference of the constitutional rights of the citizens of the City of Philadelphia.

50. By failing to take action to stop or limit the policies, customs and/or practices and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policies, customs and/or practices, defendant, City of Philadelphia, condoned, acquiesced in, participated in, and/or perpetrated the policies, customs and/or practices in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States in violation of 42 U.S.C. § 1983.

51. As a direct and proximate result of the deliberate, intentional and/or reckless actions of the defendant, City of Philadelphia, the plaintiff suffered injuries described above.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff, Lajuan Winfield, demands compensatory damages against the defendant, City of Philadelphia, in

an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and delay damages.

**ABRAMSON & DENENBERG, P.C.**

**BY:__________/s/_________________**
**ALAN E. DENENBERG, ESQ.**
**ATTORNEY FOR PLAINTIFF**